**Dean A. Martin, Esq.**
Law Office of Dean A. Martin, Chtd.
Shoreline Center, Suite 100
1471 Shoreline Drive
Boise, Idaho 83702
Telephone (208) 853-0380
Facsimile (208) 386-9944
ISB No: 6586
Attorney for the Plaintiff Connie Shull

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONNIE SHULL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEAN OBRAY individually and in his official capacity as the Mayor of the City of Kuna; COLLEEN NIXON-COOK individually and in her capacity as Clerk for the City of Kuna; THE CITY OF KUNA A political subdivision of the STATE OF IDAHO,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Connie Shull (hereinafter "Connie" or "Ms Shull" or

"Plaintiff") by and through her attorney, Dean A. Martin of the Law Office of Dean A.

Martin, Chtd. of Boise, Idaho and hereby state claims for relief as follows:

I.

NATURE OF CASE

**COMPLAINT AND DEMAND FOR JURY TRIAL**
1

1.      This is an action for damages and other relief sought by Ms Shull against DEAN OBRAY individually and in his official capacity as the Mayor of the City of Kuna (hereinafter "Mayor" or "Obray"); COLLEEN NIXON-COOK individually and in her capacity as Clerk for the City of Kuna (hereinafter "Colleen" or "Ms Cook"); THE CITY OF KUNA A political subdivision of the STATE OF IDAHO (hereinafter "Kuna" or "Defendant") alleging that Defendant violated the Idaho Human Rights Act, (IHRA) Idaho Code §67-5901, *et seq.*; and 42 U.S.C.S. §§ 12101 *et seq.* (Americans With Disabilities Act (ADA); and 42 U.S.C.S. §1983 Deprivation of Civil Rights.

## II.

## JURISDICTION AND VENUE

2.      This is a civil action over which this Court has jurisdiction pursuant to 42 U.S.C.S. §§ 12101 *et seq.* (Americans With Disabilities Act (ADA); and 42 U.S.C.S. §1983 Deprivation of Civil Rights and 28 U.S.C. §§ 1331. Additionally, this Court shares concurrent jurisdiction with the Courts of the State of Idaho in matters arising under the Idaho Human Rights Act, (IHRA) Idaho Code §67-5901, *et seq.*. This Court's jurisdiction over Plaintiff's state law claims is founded upon 28 U.S.C. §1367.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Idaho, the City of Kuna is located in Ada County, Idaho and pursuant to 28 U.S.C. § 1391(b) venue is proper for this District.

4.      Ms Shull has filed charges of disability discrimination, and retaliation with the Idaho Human Rights Commission (IHRC) and all administrative proceedings have been concluded with a "right to sue letter" issued by this agency on June 26, 2007.

## III.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## PARTIES

5.     Plaintiff Ms Connie Shull is an individual at all times relevant a resident of Kuna, Idaho, Ada County, Idaho while employed by the City of Kuna, Idaho as a deputy city clerk.

6.     Defendant DEAN OBRAY, was, at all times relevant a resident of the City of Kuna, Ada County, Idaho. At all times relevant to this action Obray was the elected Mayor for the City of Kuna and the chief policy and decision maker with oversight and supervision of Kuna's city employees. Obray is sued individually and in his official capacity.

7.     Defendant COLLEEN NIXON-COOK, was, at all times relevant a resident of the City of Kuna, Ada County, Idaho. At all times relevant to this action Cook was the elected City Clerk for the City of Kuna with oversight and supervision of Kuna's city employees.  Cook is sued individually and in her official capacity.

8.     Defendant THE CITY OF KUNA was at all times relevant, a political and governmental subdivision of the State of Idaho and was the employer of more than fifteen (15) employees including Ms Shull as defined for claims in Idaho § 67-5902(6) *et seq*.; and 42 U.S.C.S. §§ 12101 *et seq*. (Americans With Disabilities Act (ADA).

9.     All Defendants were, at all times relevant, acting under the color of law and within the scope of their employment. The wrongful acts and omissions of the Defendant City of Kuna as described herein are based upon the wrongful acts and omissions of its employees, agents, principals, managers, shareholders, trustees under principals of *respondeat superior*, vicarious liability, principal and agent, ratification, and/or encouragement in acquiescence in and of the acts described herein.

## IV.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

10. Plaintiff filed charges of discrimination against the Defendant with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity Commission (EEOC) claiming she was discriminated against on the basis of disability and retaliation.

11. The IHRC issued its "Notice of Right to Sue" letter to Plaintiff on June 26, 2007.

12. Plaintiff has complied with all administrative requirements under the Act.

## V.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff began employment with the Defendant City of Kuna on or about October 1996.

14. Plaintiff held the position of Deputy City Clerk for approximately eight (8) years.

15. Plaintiff has diabetes, high blood pressure and has been treated for depression and post traumatic stress disorder. Plaintiff has under gone surgery for a multi-nodular growth on her thyroid gland. Plaintiff suffers from memory loss, extreme fatigue, dizziness and confusion. These medical conditions affect her major life activities of thinking, sleeping and eating.

16. Plaintiff has taken time off from work for medical appointments and surgeries.

17. Defendants Cook and Obray were aware of Plaintiff's medical conditions.

18. Over the course of her employment Defendants Cook and Obray acting in their official capacities have made harassing comments regarding her health and future

employment even urging her to take disability retirement all which made her uncomfortable, distressed, and concerned about her losing job.

19.     On Friday, October 15, 2004 through Tuesday, October 19, 2004, Plaintiff had approved leave and took a trip to Nevada.

20.     On Wednesday, October 20, 2004 Plaintiff called and spoke with Defendant Cook and informed her that due to a snow storm she would not be able to return to Idaho.

21.     Defendant Cook approved Plaintiff taking off October 20, 2004.

22.     Plaintiff left messages with the office staff regarding her absences on October 21, and 22, 2004.

23.     On Sunday, October 24, 2004 Plaintiff went to work upon her return to Idaho to complete some work.

24.     On Monday, October 25, 2004, Plaintiff was ill and call into work.

25.     On Tuesday, October 26, 2004, Plaintiff returned to work and was call into the Mayor's office and terminated.

## VI.

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C.S. §§ 12101 *et seq*. (ADA)

26.     Plaintiff hereby re-alleges and incorporate the allegations contained in paragraphs 1 through 25 above as if set out in full.

27.     Plaintiff has physical and/or mental impairments caused by diabetes, high blood pressure, depression and post traumatic stress disorder. Plaintiff has under gone surgery for a multi-nodular growth on her thyroid gland. These medical conditions causes

Plaintiff to suffer from memory loss, extreme fatigue, dizziness and confusion substantially affecting her major life activities of thinking, sleeping and eating.

28. Plaintiff was able to perform the essential functions of her position as deputy city clerk with reasonable accommodation.

29. Defendants were aware of Plaintiff's medical conditions even to the point of urging her to take disability retirement.

30. Plaintiff suffered an adverse employment action when she was terminated by Defendants Cook and Obray due to her disabilities.

31. Plaintiff believes Defendants violated the 42 U.S.C. § 12101 *et seq.* (ADA) by using her physical and mental impairments or a record of impairments as a sole or motivating factor for the termination decision. As a consequence, Ms Shull has been damaged in amounts to be proven at the time of trial.

## VII.

## SECOND CAUSE OF ACTION

## VIOLATION OF IDAHO CODE § 67-5901, *et seq.*

32. Plaintiff hereby re-alleges and incorporate the allegations contained in paragraphs 1 through 31 above as if set out in full.

33. Plaintiff has physical and/or mental impairments caused by diabetes, high blood pressure, depression and post traumatic stress disorder. Plaintiff has under gone surgery for a multi-nodular growth on her thyroid gland. These medical conditions causes Plaintiff to suffer from memory loss, extreme fatigue, dizziness and confusion substantially affecting her major life activities of thinking, sleeping and eating.

34. Plaintiff was able to perform the essential functions of her position as deputy city clerk with reasonable accommodation.

35. Defendants were aware of Plaintiff's medical conditions even to the point of urging her to take disability retirement.

36. Plaintiff suffered an adverse employment action when she was terminated by Defendants Cook and Obray due to her disabilities.

37. Plaintiff believes Defendants violated the I.C. 67-5901 *et seq.* (IHRA) by using her physical and mental impairments or a record of impairments as a sole or motivating factor for the termination decision.  As a consequence, Ms Shull has been damaged in amounts to be proven at the time of trial.

## VIII.

## THIRD CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

38. Plaintiff hereby re-alleges and incorporate the allegations contained in paragraphs 1 through 37 above as if set out in full.

39. Implied in every employment contract or employment relationship in the State of Idaho is a covenant of good faith and fair dealing.

40. As a benefit to the employment contract between the parties Ms Shull was promised a progressive discipline and other procedures prior to termination of employment.

41. Defendants terminated Ms Shull from her employment without the benefit of progressive discipline and other procedures under the terms of employment.

42.     The City of Kuna by and through the acts or omissions of its officers and employees breached the covenant of good faith and fair dealing by terminating Plaintiff for illegal reasons.

43.     As a result of the breach of the implied covenant of good faith and fair dealing by depriving Plaintiff of the express benefits or terms of her employment with Defendant, Plaintiff has suffered damages, including past and future lost wages and benefits and costs, all in amounts to be proven at the time of trial.

## IX.

## FOURTH CAUSE OF ACTION

## INTENTIONAL/NEGLIGENT INFLICTION OF EMOTION DISTRESS

44.     Plaintiff hereby re-alleges and incorporate the allegations contained in paragraphs 1 through 43 above as if set out in full.

45.     The City of Kuna acting by and through its officers and employees, intentionally and with malice inflicted emotional distress upon Ms Shull.

46.     The conduct and behavior of Kuna's officers and employees wrongfully discriminating and violating Ms Shull's civil rights was intentional and reckless and can be considered extreme and outrageous, sufficient to cause severe emotional distress to her.  The circumstances of the harassing and eventual termination was humiliating and Defendant should have known that there was no cause for such treatment and that such treatment would in fact inflict emotional distress upon her.

47.     Defendants Cook and Obray's conduct has caused significant, severe, emotional distress to Ms Shull, for which she seeks compensatory damages and will seek to amend

to claim punitive damages under Idaho code § 6-1604, in amounts that will be proven at the time of trial.

## X.

## FIFTH CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. 1983 CIVIL RIGHTS

48.     Plaintiff hereby re-alleges and incorporate the allegations contained in paragraphs 1 through 47 above as if set out in full.

49.     The conduct of Defendants Cook and Obray toward Plaintiff regarding her medical condition up to and including terminating her were intentional.

50.     Defendants Cook and Obray acted under the color of law in their official capacities.

51.     The acts of Defendants Cook and particularly Obray as the City's policy making official were the cause of the deprivation of Ms Shull's rights to due process prior to being deprived of her job and to be free from discrimination in the benefits of her employment as protected by the Fourteenth Amendment of the Constitution and the laws of the United States and comparable provisions of the Idaho State Constitution.

52.     As a result of Defendants' actions Ms Shull has suffered injury loss and damages in amounts to be proven at trial.

53.     The acts of Defendants Cook and Obray, as alleged were willful and/or reckless misconduct making the cap on non-economic damages in I.C. §6-1603 inapplicable.

## DAMAGES

**COMPLAINT AND DEMAND FOR JURY TRIAL**

54. Plaintiff hereby re-alleges and incorporate the allegations contained in paragraphs 1 through 53 above as if set out in full.

55. As a direct and proximate result of Defendants' discriminatory and outrageous conduct as described above, Plaintiff has been discriminated against in her employment and denied her rightful place as an employee of Defendant.  Accordingly, she is entitled to her full rightful place and make-whole relief, including without limitation and as appropriate, backpay, frontpay, including all economic remuneration and benefits, but not limited to: raises, cost of living increases, bonuses, vacation pay, sick pay, disability insurance benefits, health insurance, retirement contributions, pension benefits, and prejudgment interest.  In addition to the lost compensation, Plaintiff has suffered humiliation, anguish, embarrassment and severe emotional distress.

56. As a direct consequence of Defendant's unlawful actions, Plaintiff was required to obtain the legal services of Dean A. Martin of the Law Office of Dean A. Martin, Chartered to represent her in her claims against the Defendants.  Plaintiff is entitled to recover her attorney fees incurred in this claim under 42 U.S.C. §§ 1981a(a)(1); 42 U.S.C. § 1988 and Idaho Code §§ 12-120, 121 and/or 120(3); and 6-918A.  In the event of a default hereunder a reasonable attorney fee is $25,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, having fully stated her complaint Plaintiff respectfully request that this Court enter judgment against and for the following relief against Defendant as follows:

1. Award plaintiff damages for the humiliation, anguish, embarrassment and emotion distress proximately caused by defendants' conduct in amounts according to her proof;

2. Award plaintiff backpay, frontpay, and other monetary losses proximately caused by defendants' conduct in amounts according to her proof;

3. Award plaintiff general, special, exemplary and/or other consequential damages proximately caused by defendants' conduct in amounts according to her proof;

4. Award plaintiff prejudgment interest on all damages;

5. Award plaintiff reasonable attorneys' fees and costs of suit as provided by law; and

6. For such other and further relief as to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury, of a panel consisting of no fewer that 12 persons, on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED this 24th day of September, 2007.

LAW OFFICE OF DEAN A. MARTIN, CHTD.

/ S/

_____
Dean A. Martin, Esquire

VERIFICATION OF COMPLAINT

STATE OF IDAHO            )
                          : ss
COUNTY OF ADA             )


    I_____ _____, a resident of the State of Idaho hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and that the facts alleged are true and correct to the best of my knowledge and belief.

_____
Plaintiff


    SUBSCRIBED AND SWORN to before me this _____ day of _____, 20__.


_____
NOTARY PUBLIC
Residing at: _____
My Commission Expires:_____